FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*******************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

*******************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. √

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

From The Desk of:
Mr. John Richard Joe,
#BQ-3219
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA- 17001-0200

August 18, 2000

To: The Clerk,
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA- 17108-0200

Re: Joe v. Clark,
Civil No. 1:CV-00-1090

Dear Clerk:

On June 21, 2000, U.S. Magistrate Judge J. Andrew Smyser, of this Court, granted this plaintiff leave to proceed in forma pauperis in the above-case and directed you to serve the plaintiff's complaint in accordance with F.R.Civ.P. 4.; however, I have not received notification of the date you served Defendant Dr. Clark with a copy of my complaint, herein, as I am supposed to receive, so I write & send this here letter to ask you to immediately respond back here to me & let me know in writing, as to whether you have yet served Defendant Clark with a copy of my complaint, herein, and if you have done, please state in writing the date you did.

Thank you very much,
Sincerely,
John Richard Joe

From The Desk Of:
MR. John Richard Joe,
#BQ-3219
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA. 17001-0200
August 8, 2000

To: The Office of the Clerk,
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108-0983

Dear Clerk:

Please immediately mail to me at the above-add[ress] enough 42 U.S.C. §1983 Civil Rights Complaint Forms, Applica[tions] For Leave To Proceed In Forma Pauperis Forms, Authorization Form[s], U.S. Marshal #285 Process Forms for Service, for three (3) different defendants in three (3) separate Civil Rights Acti[ons] & thank you very much.

Sincerely,
John Richard Joe

From The Desk Of:
Mr. John Richard Jae,
#BQ-3219
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200
March 12/00

(J) 3/13

RECEIVED
HARRISBURG, PA
MAR 03 2000
MARY E. D'ANDREA, CLERK
Per _____

To: The Office of the Clerk,
U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108-0983

Re: "Request For Forms"

Dear Clerk:

Please send to me at the above-address, three separate complete sets of §1983 Civil Rights Complaint Forms, Application For Leave To Proceed In Forma Pauperis & Authorization Forms and U.S. Marshal Service Forms, for three different Defendants in three different Civil Actions; & thanks:

Sincerely,
John Richard Jae

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BQ-3219
(Inmate Number)

MR. JOHN RICHARD JAE
(Name of Plaintiff) SCI-Camp Hill

P.O. Box 200
(Address of Plaintiff)

Camp Hill, PA. 17001-0200

vs.

WEXFORD HEALTH SERVICES, INC.,

(Names of Defendants)

1: CV 00-1534
(Case Number)

PM 8/28/00

42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

FILED
SCRANTON
AUG 28 2000
PER ___M___
DEPUTY CLERK

TO BE FILED UNDER: √ 42 U.S.C. § 1983 - STATE OFFICIALS
                    ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  Previous Lawsuits

    A.  If you have filed any other lawsuits in federal court while a prisoner please list the ca[se]
        and case number including year, as well as the name of the judicial officer to whom [it was]
        assigned: Jae v. Lehman, No. 92-1969(W.D.Pa.); Jae v. Rowley, No. 92-24[...];
        Jae v. Barrett, No. 93-1112(W.D.Pa.); Jae v. Lehman, No. 94-184(W.D.Pa.); Jae v. Good, No. 94-185(W.[D.Pa.]);
        Jae v. White, No. 95-2019(W.D.Pa.); Jae v. Crease, No. 94-1103(W.D.Pa.); Jae v. Long, No. 98-0115(M.D.Pa.);
        [Jae v.] King, No. 98-0108(M.D.Pa.); Jae v. Horn, No. 98-0114(M.D.Pa.); Jae v. Laskey, No. 99-1610(M.D.Pa.); Jae v. [...]
        -0071(M.D.Pa.); Jae v. Clark, No. 00-1090(M.D.Pa.); Jae v. Crease C.A. No. 94-3555(3dCir.); Jae v. Horn, C.A. N[o...]
        (3dCir.); and Jae v. White, C.A. No. 95-3979(3dCir.) (All above West. Dist. cases were assigned to U.S. D.J. Lanca[ster])

II. Exhaustion of Administrative Remedies above Middle Dist. case were assigned to U.S. D.J. Ra[mbo]

    A.  Is there a grievance procedure available at your institution?
        √ Yes  ___ No

    B.  Have you filed a grievance concerning the facts relating to this complaint?
        ___ Yes  √ No      Because under Pa. Dept. of Corrections Grieva[nce]
                           DC-ADM 804-VI.A.3.7a Grievance can only [be filed]
        If your answer is no, explain why not when an inmate has been personally affecte[d by a]
        Department or Institution action or policy and Wexford Health Services, Inc. Defendant is not
        an employee of the Pa. Dept. of Corrections nor of this institution & thus the grievance procedu[re]
        remedies is not available to challenge an action or decision of Defendant Wexford Health [Services]

    C.  Is the grievance process completed? ___ Yes  √ No

4. That, on June 6, 2000, Plaintiff Doe was transferred to the SAU at SCI-Waymart.

5. That, on June 19, 2000, Plaintiff was temporarily returned back here to SCI-Camp Hill from the SAU at SCI-Waymart for a federal court hearing.

6. That, on June 22, 2000, because he still had not received his eyeglasses back yet, he again wrote and sent an Inmate Request Form to Ms. Law and one to Defendant Wexford Health Services, Inc., here complaining about

7. On June 23, 2000, Plaintiff Doe was returned to the SAU at Waymart.

8. That, on July 18, 2000, Plaintiff Doe was permanently transferred back to Camp Hill from the SAU at Waymart.

9. That, on July 20, 2000, Plaintiff Doe was seen here at sick call by Chief P.A. Colleen Newfield, and one of the medical conditions he complained about was the blurred vision, headaches and eye pain that he was experiencing from not having his eyeglasses to wear.

10. That, on or about July 27, 2000, Plaintiff Doe was again here at sick call by P.A. Todd (last name not known) and the medical problems he complained about was the blurred vision, headaches and eye pain that he was experiencing from not having his eyeglasses to wear.

11. That, on or about August 2, 2000, Plaintiff Doe was again here at sick call by P.A. Todd and one of the medical problems he complained about was the blurred vision, headaches and eye pain that he was experiencing from not having his eyeglasses to wear.

12. That, on August 16, 2000, Plaintiff Joe was again seen at Sick Call by Chief P.A. Colleen Newfield and that one of the medical conditions/problems he complained about was the headaches, blurred vision and eye pain that he w[as] experiencing due to not having his eyeglasses to w[ear].

13. That, on August 16, 2000, Chief P.A. Newfield verba[lly] informed Plaintiff Joe that she had investigated the matter [of] his eyeglasses and was informed that Defendant Wexford [Health] Services, Inc. only refused to send the Plaintiff's eyeglasses [to] be repaired, unless the Plaintiff could pay for such rep[airs] as there was written documentation on Plaintiff's medical c[hart] that during the past 1½ years, Plaintiff has received seve[n] pairs of replacement eyeglasses.

14. That Plaintiff Joe has "not" received seven (7) pairs [of] replacement eyeglasses within the past 18 months/1½ ye[ars] only two pair and one of these two pair was ordered by the[m] here due to a change in Plaintiff Joe's eyeglass prescri[ption] thus such "is" a blatant and boldface "lie" and if such [is] documented on his medical chart here, then some nurs[e/] medical personnel deliberately & fraudulently placed/wrot[e] information/"lie" on my prison medical chart - falsel[y] such is suspect and specious.

15. That, from July 22, 2000, through August 15, 200[0] Joe also verbally complained on numerous occasions [to] numerous different nurses here about the heada[ches,] blurred vision and eye pain which he was experienc[ing due to] not having his eyeglasses to wear here.

16. That, this is not the first time that Def[endant]

...ff's eye glasses repaired because he had no money ~~the~~ prison account to pay for such repairs as the Defen... also did this last year too for over four months here...

Defendant Wexford Health Services, Inc., is sued herein for refusing to have plaintiff's eyeglasses repaired for o... four months back then last year here also.

17. That the prison and its Health Care Contractor are obligated to provide and pay for medical care & trea... for its prisoners, including, but not limited to eye care/eye...

18. That, pursuant to DC-ADM #820.VI.A.2 the Pa. Dept. of Corrections, eyeglasses are not supposed to result in a charge to th...

19. That, Defendant Wexford Health Services, Inc., either... or should have known that their refusal to have repaired ... eyeglasses would and has constituted a deliberate indi... on their part to plaintiff's serious medical needs, as w... and deliberate denial of medical care & treatment which... has violated plaintiff's rights & the Law under the ... Amendment of the United States Constitution.

V. LEGAL CLAIMS
First Cause of Action

20. That, the Acts, Conduct & Refusals of Defendant We... Health Services, Inc., as is stated herein paragraph No... supra, violated plaintiff's rights & the Law under the Eighth ... Amendments of the Constitution of the United States.

Second Cause of Action

21. That, the Acts, Conduct & Refusals of Defendant Wexford Health ... as is stated herein paragraph Nos. 13 &...16, supra, violated the law ... rights under Article 1, §§ 13 & 26 of the Pennsylvania State c...

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite cases or statutes.)

1. A Declaratory Judgment that the Acts, Actions & Refusals of Defendant Wexford Health Services, Inc., in denying me my eyeglasses for over 4 months and refusing to buy me a new pair constituted a Wanton & Deliberate Indifference to my serious medical needs & violated the Eighth Amendment of the U.S. Constitution.

2. Compensatory Damages in an amount to be determined at trial herein this case, to Plaintiff Doe from Defendant Wexford Health Services, Inc.

3. Exercise its Pendent Jurisdiction over Plaintiff's State Constitutional Law Claims herein.

4. Punitive Damages in an amount to be determined at trial, herein this case, to Plaintiff Doe from Defendant Wexford Health Services, Inc.

5. Plaintiff's Court Costs, Filing Fees, U.S. Marshal Service Fees and Plaintiff's Attorney's Fees & Costs (if any).

6. A Trial by Jury on All Issues & Claims, Herein.

7. Such Other And Further Relief As This Court Deems Is Just, Proper And Equitable Herein. // AND COMPLAINANT FURTHER SAYETH NAUGHT //

Signed this ___17th___ day of ___AUGUST___, 2000

(s) ___John Richard Doe___
(Signature of Plaintiff And Pro Se Counsel)

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. §

___17th AUGUST 2000___    (s) ___John Richard Doe___
(Date)                        (Signature of Plaintiff And Pro Se Counsel)

# PROOF OF SERVICE

I certify that on 8-19-00 (date) I mailed a copy of this Motion and all attachments via first class mail to the following parties at the addresses listed below:

MR. Michael L. Harvey,
Senior Deputy Attorney General
Office of the Attorney General of Pennsylvania
15th Floor Strawberry Square
Harrisburg, PA. 17l~~~~

Off. Rubendall
Off. Rager
SCI-Camp Hill
P.O. Box 8837
Camp Hill, PA. 1700l

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 8-19-00 (date) for forwarding to this Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

(s) _John Richard Jae_
Signature / MR. JOHN RICHARD JAE,
Plaintiff and Pro Se Counsel

MR. John Richard Jae,
#BQ-3219
SCI-~~~~~~~ Camp Hill
P.O. Box 200
Camp Hill, PA. 17001-0200

Executed/Dated:
19th AUGUST 2000
At ~~Camp Hill~~ Pennsylvania