

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, <br> Plaintiff | : <br> : <br> : | NO. 1:00-CV-1534 <br><br> CHIEF JUDGE SYLVIA H. RAMBO |
| v. | : <br> : | (MAGISTRATE JUDGE SMYSER) |
| WEXFORD HEALTH SERVICES, INC., <br> Defendant | : <br> : <br> : | CIVIL ACTION <br> JURY TRIAL DEMANDED |

FILED
HARRISBURG

NOV 13 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

AND NOW, comes Defendant, Wexford Health Services, Inc., by and through its attorneys, Lavery, Faherty, Young & Patterson, P.C., and files this Motion to Dismiss Plaintiff's Complaint and in support thereof, avers as follows:

1. Plaintiff, John Richard Jae, a _pro se_ inmate incarcerated at SCI-Camp Hill initiated this civil action by filing a Complaint on August 28, 2000.

2. Plaintiff's Complaint arises out of conditions of his confinement at SCI-Camp Hill, including the medical treatment (prescription lenses) which he received at that facility.

3. By Order dated September 8, 2000, this Honorable Court granted Plaintiff's request to proceed _in forma pauperis_ and directed the Clerk of Court to serve Plaintiff's Complaint in accordance with Fed.R.Civ.P. 4.

4. Plaintiff's Complaint was served upon Defendant via a Waiver of Service of Summons dated September 11, 2000 and was received by the Defendant on September 13, 2000.

5. Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

6. The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager, Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee.

7. Plaintiff's Complaint against Defendant, Wexford Health Services, Inc., relates to prison conditions, i.e. the medical treatment provided to Plaintiff while he

was incarcerated at SCI-Camp Hill. Nowhere in his Complaint, however, does Plaintiff allege that he has exhausted the administrative remedies available at SCI-Camp Hill prior to initiating this lawsuit.

8. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

9. In this case, Plaintiff has failed to exhaust the Consolidated Inmate Grievance Review system at SCI-Camp Hill and thus his Complaint must be dismissed for failure to exhaust available administrative remedies.

10. Plaintiff's Complaint fails to state claims or causes of action for violation of any federally protected rights upon which relief can be granted.

11. Plaintiff's claims for injunctive relief are moot since Plaintiff has already received a pair of glasses and since Plaintiff is no longer incarcerated at SCI-Camp Hill.

WHEREFORE, Defendant respectfully requests that this Honorable grant its Motion to Dismiss Plaintiff's Complaint and enter the accompanying Court Order.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 11/12/00

By: *(signature)*
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant

Case 1:00-cv-01534-SHR    Document 12    Filed 11/13/2000    Page 4 of 5

4

## **CERTIFICATE OF SERVICE**

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this \_\_\_13th\_\_\_ day of November, 2000, I served a true and correct copy of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

John Richard Jae **\*Legal Mail\***
Inmate #BQ-3219
SCI-Greene
630 Jefferson Road
Waynesburg, PA 15370


                                          _/s/ Linda L. Gustin_
                                          Linda L. Gustin