ORIGINAL

FILED
HARRISBURG
NOV 2 8 2000
MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | NO. 1:00-CV-1534 |
| Plaintiff | : | |
| | : | CHIEF JUDGE SYLVIA H. RAMBO |
| v. | : | (MAGISTRATE JUDGE SMYSER) |
| | : | |
| WEXFORD HEALTH SERVICES, | : | |
| INC., | : | CIVIL ACTION |
| Defendant | : | JURY TRIAL DEMANDED |

## DEFENDANT, WEXFORD HEALTH SERVICES, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 28, 2000, John Richard Jae, a pro se prisoner at the State Correctional Institution-Camp Hill (hereinafter "SCI-Camp Hill") initiated this civil action by filing a Complaint against Defendant, Wexford Health Services, Inc., (hereinafter "Wexford"), pursuant to 42 U.S.C. § 1983 arising out of the medical care (prescription lenses) which he received at that facility. By Order dated September 8, 2000, this Honorable Court granted Plaintiff's request to proceed in forma pauperis and directed the Clerk of Court to serve Plaintiff's Complaint on Wexford in accordance with Fed.R.Civ.P. 4. Plaintiff's Complaint was served on the Defendant, Wexford, via Waiver of Service of Summons dated September 11, 2000.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager, Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee.

Plaintiff's Complaint against Defendant, Wexford, relates to prison conditions, i.e. the vision care/treatment provided to Plaintiff while he was incarcerated at SCI-Camp Hill. Nowhere in his Complaint, however, does Plaintiff allege that he had initiated, let alone exhausted the administrative remedies available at SCI-Camp Hill prior to initiating this lawsuit. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of

2

actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

On November 13, 2000, Defendant, Wexford, filed a Motion to Dismiss Plaintiff's Complaint. Wexford has also filed an Appendix of Exhibits in support of its dispositive motion which is incorporated by reference as if fully set forth at length herein. This Brief is in support of Wexford's Motion to Dismiss Plaintiff's Complaint.

II.  QUESTIONS PRESENTED

    A.  STANDARD OF REVIEW.

    B.  WHETHER PLAINTIFF'S COMPLAINT AGAINST WEXFORD MUST BE DISMISSED AS A MATTER OF LAW FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES?

        [SUGGESTED ANSWER: YES]

    C.  WHETHER PLAINTIFF'S COMPLAINT AGAINST WEXFORD MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO ALLEGE ANY FACTS ESTABLISHING A COGNIZABLE EIGHTH AMENDMENT CLAIM?

        [SUGGESTED ANSWER: YES]

III.  ARGUMENT

    A.  STANDARD OF REVIEW.

The standard to be applied in consideration of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established in our juris-

prudence. The Court is to accept as true all well-pleaded allegations in the Complaint, along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232 (1974); Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the Court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the Complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997); Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Company, 113 F.3d 405 (3d Cir. 1997). Furthermore, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Morse, 132 F.3d at 906, n. 8.

The question before the Court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of her claim which entitles the Plaintiff to relief. Hartford Fire Ins. Co. v. California, 113 S.Ct. 2891, 2817 (1993); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990). If it is clear from the plaintiff's pleading that a defendant cannot be held liable, then dismissals of all claims against that defendant is appropriate. Labov v. Lalley, 809 F.2d 270 (3d Cir. 1987). The Court need not "conjure up unpled allegations or contrive elaborately arcane scripts in order to breathe life into an otherwise defective complaint." Goolely v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1984). Finally, "Rule 12(b)(6) authorizes the Court to dismiss a

4

claim on the basis of a dispositive issue of law". <u>Thomas v. Ford Motor Company</u>, 70 F. Supp. 2d 521 (E.D. Pa. 1999), (citing <u>Neitzke v. William</u>, 490 U.S. 319, 326-27 (1989)).

> B. **PLAINTIFF'S CLAIMS AGAINST DR. CLARK MUST BE DISMISSED AS A MATTER OF LAW FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PRISON LITIGATION REFORM ACT.**

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM 804 (effective October 20, 1994). With certain exceptions, DC-ADM 804, Section VI provides that after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager or Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee. A true and correct copy of the Consolidated Inmate Grievance Review System is attached as Exhibit "A" in the Appendix of Exhibits in support of Wexford's dispositive motion.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997e(a) reads in relevant part as follows:

> No action shall be brought with respect to prison conditions under § 1997 of the revised statutes of the United States (42 U.S.C. § 1983), or any other federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

5

Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceedings arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. Booth v. Churner, 206 F.3d 278 (3d Cir. 2000) (applying the exhaustion requirement under the PLRA to use of force claim); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000); Jenkins v. Morton, 148 F.3d 257 (3d Cir. 1998)).

In Peoples v. Mohadjerin, No. 3:97-0205 (M.D. Pa. 1997), Judge Conaboy concluded that an inmate had the obligation to exhaust his appeal remedies provided by DC-ADM 804 before he had the ability to commence a cause of action pursuant to 42 U.S.C. § 1983. In that case, the plaintiff complained about medical care he received. Judge Conaboy concluded that 42 U.S.C. § 1997e(a) required him to exhaust all of his administrative remedies before he could proceed pursuant to 42 U.S.C. § 1983. The Court held that Plaintiff's failure to appeal the denial of his written grievance to the Central Office Medical Review Committee required the Court to dismiss his Complaint. A true and correct copy of Judge Conaboy's Decision in the Peoples case is attached as Exhibit "B" in the Appendix of Exhibits in support of Wexford's Motion to Dismiss Plaintiff's Complaint.

Nowhere in his Complaint and/or Amended Complaint against Wexford, does Plaintiff allege that he has filed any institutional grievance complaint with respect to the

6

medical care which he received while incarcerated at SCI-Camp Hill. Since no initial grievance was filed with the Department of Corrections, Plaintiff has not, and cannot, pursue any administrative appeals including any appeal to the Central Office Medical Review Committee. Thus, it is readily apparent from the face of the Complaint that Plaintiff has failed to exhaust available administrative remedies prior to initiating this civil action. Consequently, Plaintiff's Complaint must be dismissed until such time as he has pursued all of the steps of the inmate grievance procedure, including any and all administrative appeals.

The decision of Judge Conaboy in the Peoples case applies here and requires the dismissal of Plaintiff's Complaint. It is readily apparent from the face of the Complaint, that Plaintiff has not exhausted his administrative remedies. His Complaint against Wexford relates to prison condition, i.e. he disputes the medical care provided to him while incarcerated. In Payton v. Horn, 49 F. Supp. 2d 791, 797 (E.D. Pa. 1999), Judge Brody concluded that Plaintiff had failed to state a cause of action based upon his conditions of confinement because he had not alleged that he had exhausted his administrative remedies including his appeals. Pursuant to the holdings in Peoples and Payton, Plaintiff's Complaint in this case must be dismissed for failure to exhaust available administrative remedies at SCI-Camp Hill.

Defendant anticipates that Plaintiff may assert that it was futile to pursue the inmate grievances. The futility of the administrative remedy, however, fails to excuse inmate Jae's failure to utilize it. He has to utilize all available administrative remedies

7

even if they are futile. The United States Court of Appeals for the Third Circuit has reached this conclusion in <u>Nyhuis v. Reno</u>, 204 F.3d 65, 72 (3d Cir. 2000), and in <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir. 2000). In <u>Nyhuis</u>, <u>supra</u>, the court concluded that Congress when it enacted 42 U.S.C. § 1997e(a) imposed an exhaustion of administrative remedies requirement even when those remedies were futile. The court rejected any futility exception to the exhaustion requirement imposed by Congress when it adopted 42 U.S.C. § 1997e(a).

In <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000), the Third Circuit reaffirmed its holding in <u>Nyhuis, supra</u>, and indicated that although <u>Nyhuis</u> involved a <u>Bivens</u> action brought by a federal inmate, the rule that the Court of Appeals announced in <u>Nyhuis</u>, has equal force in the § 1983 context since § 1997e(a) which applies to actions brought by a prisoner "under § 1983 of this Title or any other federal law" treats <u>Bivens</u> actions and § 1983 as functional equivalents. <u>Id</u>., 206 F.3d at 300. The Third Circuit concluded that because the inmate in <u>Booth, supra</u>, failed to exhaust his available administrative remedies rather than those he believed would be effective before filing his § 1983 action, the District Court appropriately dismissed his action without prejudice. Thus, inmate Jae cannot show any justifiable reason for his refusal to exhaust his available administrative remedies provided for by the Commonwealth of Pennsylvania, Department of Corrections at DC-ADM 804. His failure to exhaust his administrative remedies, which is undisputed, must result in the dismissal of his Complaint. The United States Court of Appeals for the Third Circuit mandates this result based upon its

holding in Nyhuis, supra, 204 F.3d at 72. Consequently, Plaintiff's Complaint must be dismissed for failure to exhaust available administrative remedies.

Every other federal court to consider the issue has reached the same conclusion and has dismissed a prisoner's complaint for failure to exhaust administrative remedies. The United States Court of Appeals for the Sixth Circuit has adopted a rule requiring Plaintiffs who file suit pursuant to 42 U.S.C. § 1983 to "allege and show that they have exhausted all available state administrative remedies." Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. deni. 119 S.Ct. 88 (1998) ("a prisoner shall attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint"); see also, White v. Fauver, 19 F. Supp. 2nd 305, 317 (D.N.J. 1998) (dismissing claims without prejudice for failure to allege exhaustion); Morgan v. Arizona Department of Corrections, 967 F. Supp. 1184 (D.Ariz. 1997) (prisoner who did not file initial grievance failed to exhaust his administrative remedies).

### C. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE EIGHTH AMENDMENT CLAIM.

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment is violated by deliberate indifference to a prisoner's serious medical needs. Id. at 103. The Third Circuit has interpreted the standards set forth in Estelle, as encompassing a two-prong test: "It requires deliberate indifference on the part of the prison officials and it requires

9

the prisoner's medical needs to be serious." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1986), cert. denied, 468 U.S. 1006 (1988); citing, Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).

A number of federal courts have dismissed Eighth Amendment claims finding that the plaintiff's claim of inadequate medical care failed to meet the "serious medical need" requirement of the objective prong of the Eighth Amendment test. In Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990), the court ruled that swollen wrists do not constitute a serious medical need. In Johnson v. Vondera, 790 F.Supp. 898, 900 (E.D. Mo. 1992), the plaintiff's Eighth Amendment claim failed because the court found that headaches, neck pain and blurred vision did not establish a serious medical need for treatment. See also, Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986) (a prisoner's sensitive skin condition caused by shaving was not a serious medical need); Ashford v. Berry, 737 F.Supp. 1, 3 (D.D.C. 1990) (being kicked in the leg does not establish a serious medical need); Tyler v. Rapone, 603 F.Supp. 268, 271-72 (E.D. Pa. 1985) (Eighth Amendment claim failed because the need for dental care and treatment for a cut were not serious medical needs; Borrelli v. Askey, 582 F.Supp. 512, 513 (E.D. Pa. 1984) (slight visual impairment causing headaches and tension is not a serious medical need).

In this case, Defendant, Wexford, contends that Plaintiff's Complaint does not allege any facts constituting a serious medical need. Consequently, Plaintiff cannot meet the objective component of the test for a viable Eighth Amendment claim and

Plaintiff's claims arising out of the failure to replace his prescription lenses must be dismissed with prejudice as a matter of law.

IV. CONCLUSION

For the reasons advanced herein, Defendant, Wexford, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 11/28/00

By: _____
James D. Young, Esquire
Attorney I.D. #53904
PO Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant,
Wexford Health Services, Inc.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___28th___ day of November, 2000, I served a true and correct copy of the foregoing DEFENDANT, WEXFORD HEALTH SERVICES, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT by U.S. First Class mail, postage prepaid, addressed as follows:

John Richard Jae
Inmate #BQ-3219
SCI-Greene
630 Jefferson Road
Waynesburg, PA  15370

_Linda L. Gustin_
Linda L. Gustin