**ORIGINAL**

FILED
HARRISBURG

NOV 2 8 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | NO. 1:00-CV-1534 |
| Plaintiff | : | |
| | : | CHIEF JUDGE SYLVIA H. RAMBO |
| v. | : | (MAGISTRATE JUDGE SMYSER) |
| | : | |
| WEXFORD HEALTH SERVICES, | : | |
| INC., | : | CIVIL ACTION |
| Defendant | : | JURY TRIAL DEMANDED |

## DEFENDANT, WEXFORD HEALTH SERVICES, INC.'S BRIEF IN SUPPORT OF MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 28, 2000, John Richard Jae, a *pro se* prisoner at the State Correctional Institution-Camp Hill (hereinafter, "SCI-Camp Hill"), initiated this civil action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendant, Wexford Health Services, Inc., (hereinafter "Wexford") arising out of the medical care (prescription lenses) which he received at that facility. By Order dated September 8, 2000, this Honorable Court granted Plaintiff's request to proceed *in forma pauperis* and directed the Clerk of Court to serve Plaintiff's Complaint on Wexford in accordance with Fed.R.Civ.P. 4. Plaintiff's Complaint was served on the Defendant, Wexford, via a Waiver of Service of Summons dated September 11, 2000.

On November 13, 2000, Wexford filed a Motion to Dismiss Plaintiff's Complaint. On that same date, Wexford also file a Motion to Revoke Plaintiff's *in forma pauperis* status pursuant to the three strikes provisions of the Prisoner Litigation Reform Act, 28 U.S.C. 1915(g), because more than three of his federal complaints have been deemed frivolous, malicious or they failed to state a claim upon which relief may be granted. Wexford incorporated by reference the Appendix of Exhibits filed by Defendant, Dr. Robert Clark, in the matter of <u>John Jae v. Dr. Robert Clark, et al.</u>, which is docketed at Civil Action No. 1:00-CV-1090 in the United States District Court for the Middle District of Pennsylvania. This Brief is in support of Wexford's Motion to Revoke Plaintiff's *In Forma Pauperis* Status.

II. <u>QUESTIONS PRESENTED</u>

    A. WHETHER PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD BE REVOKED PURSUANT TO 28 U.S.C. § 1915(g) BECAUSE MORE THAN THREE OF HIS FEDERAL COMPLAINTS HAVE BEEN DEEMED FRIVOLOUS, MALICIOUS, OR THEY FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

    [SUGGESTED ANSWER: YES]

    B. WHETHER PLAINTIFF'S IN FORMA PAUPERIS STATUS SHOULD BE REVOKED PURSUANT TO 28 U.S.C. § 1915(g) BECAUSE PLAINTIFF WAS NOT UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

    [SUGGESTED ANSWER: YES]

III. <u>ARGUMENT</u>

A. **PLAINTIFF'S IN FORMA PAUPERIS STATUS SHOULD BE REVOKED PURSUANT TO 28 U.S.C. §1915(g) BECAUSE MORE THAN THREE OF HIS FEDERAL COMPLAINTS HAVE BEEN DEEMED FRIVOLOUS, MALICIOUS OR FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

In 1995, Congress passed the Prison Litigation Reform Act (hereinafter "the Act" or "PLRA"), to help curb frivolous prisoner litigation from congesting the federal courts' dockets. Included in the Act is the "three strikes provision" of 28 U.S.C. §1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger or of serious physical injury.

Congress' intent was to discourage the filing of frivolous *in forma pauperis* lawsuits, such that "[i]f a litigant abuses the *in forma pauperis* privilege, as evidenced by three strikes (dismissal for frivolousness), Section 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full." <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1988)(citing, <u>H.R. Rep. No. 104-21, Section 202 at 22 (1995)</u>)(noting "[t]oo many frivolous lawsuits are clogging the courts, seriously undermining the administration of justice.") <u>Accord,</u> <u>Ashley v. Dilworth</u>, 147 F.3d 715 (8th Cir. 1998) (stressing that "the Act does not

3

close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later."

Congress did build a safety valve into the statute, allowing an inmate with three or more strikes to obtain *in forma pauperis* status if he alleges or proves "imminent danger of serious physical injury." 28 U.S.C. §1915(g). However, if the defendant proves the charge that the plaintiff was in imminent danger at the time of the incident alleged, then the threshold criteria of Section 1915(g) will not have been satisfied and the plaintiff may not proceed absent payment of the filing fee." Id.

Accordingly, to revoke Plaintiff's *in forma pauperis* status under Section 1915(g), a defendant must prove to the Court that: (1) plaintiff is an inmate who has three or more federal complaints deemed frivolous, malicious, or that failed to state a claim upon which relief may be granted; and (2) that plaintiff was not under imminent danger of serious physical injury at the time of the alleged incident. Inmate Jae has repeatedly abused his *in forma pauperis* status in the past to advance baseless and frivolous claims which have congested the Courts' dockets. The "three strikes provision" was intended to deter individuals, such as Plaintiff, from further abuses of the judicial system by requiring them to pay the full ordinary filing fees up front.

In this case, Plaintiff is a frequent-filer of frivolous claims. Exhibit "A" in the documents in support of Defendant's Motion substantiate the fact that on nine occasions between October 16, 1992 and June 4, 1996, the United States District Court for the

4

Western District of Pennsylvania has dismissed Plaintiff's civil actions for failure to state a cause of action upon which relief can be granted. By Orders dated January 27 and October 19, 1995 and February 23, 1996, the United States Court of Appeals for the Third Circuit has denied Plaintiff's appeals on the dismissal of civil actions. In three separate cases in 1998 (Jae v. Dr. Young, Civil Action No. 1:CV-98-0108; Jae v. Dr. Long, Civil Action No. 1:CV-98-0115; and Jae v. Captain Glenny, Civil Action No. 1:CV-98-1515), this Honorable Court revoked Plaintiff's *in forma pauperis* status for exceeding the three strikes provision of 1915(g). Based upon documents filed by the Defendant, Plaintiff has clearly exceeded the three strike minimum of Section 1915(g), and his only remaining avenue to obtain *in forma pauperis* status is by claiming that he was under "imminent danger of serious physical injury."

Defendant contends that pursuant to the doctrine of collateral estoppel (issue preclusion) that Plaintiff is precluded from re-litigating the issues of the retroactive application of the three strikes provision; that 28 U.S.C. §1915(g) is unconstitutional because it deprives him of access to the courts, due process and equal protection of the law; and that the three strikes provision violates the separation of powers doctrine and the *ex post facto* clause, which were all decided adverse to the Plaintiff in 1998. Issue preclusion prevents re-litigation of a specific question when:

    (1)    the issue decided in the prior adjudication was identical with the one presented in the later action;

    (2)    there was a final judgment on the merits;

5

> (3) the party against whom the plea is asserted was a party or in privity with a party for the prior adjudication; and
>
> (4) the party against whom the plea is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.
>
> Shuder v. McDonald's Corp., 859 F.2d 266, 273 (3d Cir. 1988) (citing, Safeguard Mutual Insurance Co. v. Williams, 345 A.2d 664, 668 (Pa. 1975)).

And when:

> (5) the issue decided was essential to the judgment. United States v. Pennsylvania State Police, 548 F. Supp. 9, 13 (E.D. Pa. 1982).

In three separate actions in 1998, this Honorable Court adjudicated motions to revoke Plaintiff's *in forma pauperis* status. In response to those motions, Plaintiff challenged the retroactive application of the three strikes provision and challenged the constitutionality of the Act. Plaintiff had a full and fair opportunity to litigate those issues in all three actions, and this Honorable Court decided those issues adverse to Plaintiff's position. In fact, this Honorable Court ruled that the twelve prior dismissals attached as Exhibit "A" to Defendant's Motion to Revoke Plaintiff's In Forma Pauper Status constituted sufficient evidence for application of the three strikes provision. The Court also considered Plaintiff's constitutional challenges to the Act and rejected them as having no merit. Clearly, Defendant has made all five (5) elements for application of issue preclusion and Plaintiff is precluded from re-litigating these issues in the pending Motion.

6

B.  **PLAINTIFF WAS NOT AND IS NOT UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AND THUS, HE DOES NOT MEET THE EXCEPTION TO THE THREE STRIKES PROVISION.**

A District Court must view a pro se inmate's complaint under a less stringent pleading standard than a complaint of a represented party. Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Further, a District Court is to treat a plaintiff's complaint alleging imminent danger of serious physical injury as meeting the threshold criteria of Section 1915(g) unless, "the 'imminent danger' element is challenged by a defendant." Gibbs, 116 F.3d at 86. If a defendant challenges the allegations of imminent danger, the District Court must determine whether plaintiff's allegation is credible as of the time the alleged incident occurred.

A District Court is empowered to revoke *in forma pauperis* status if the defendant discredits factual claims of imminent danger that are "clearly faceless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly credible." Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). In making the determination, a District Court may rely on "evidence supplied by sworn affidavits or depositions, or alternatively, may hold a hearing." Id. The Defendant will show that Plaintiff's allegations of imminent danger based upon the averments of the Complaint are "clearly baseless, fantastic and wholly incredible."

In assessing the credibility of Plaintiff's allegations, this Court cannot overlook the fact that twice before the Plaintiff alleges he was facing imminent danger and twice

7

before this Court concluded otherwise. In <u>Jae v. Glenny, et al.</u> (Civil Action No. 1:CV-98-1515, M.D. Pa.), and <u>Jae v. Dr. Laskey</u> (Civil Action No. 1:CV-99-1610, M.D. Pa.), this Honorable Court found that Plaintiff was not under imminent danger at the time of the incident in question and thus, recommended the revocation of Plaintiff's *in forma pauperis* status. In this case, Plaintiff's Complaint arises out of the fact that the inmate's prescription lenses were not replaced. It strains credulity to suggest that the failure to replace Plaintiff's eyeglasses placed him in imminent danger of serious physical harm. Consequently, this Honorable Court must revoke Plaintiff's *in forma pauperis* status as a matter of law.

## IV. <u>CONCLUSION</u>

For the reasons advanced herein, Defendant, Wexford, respectfully requests that this Honorable Court grant its Motion to Revoke Plaintiff's *In Forma Pauperis* Status.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 11/28/00

By: *James D. Young*
James D. Young, Esquire
Attorney I.D. #53904
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant,
Wexford Health Services, Inc.

8

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___28th___ day of November, 2000, I served a true and correct copy of the foregoing DEFENDANT, WEXFORD HEALTH SERVICES, INC.'S BRIEF IN SUPPORT OF MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS via U.S. First Class mail, postage prepaid, addressed as follows:

John Richard Jae
Inmate #BQ-3219
SCI-Greene
630 Jefferson Road
Waynesburg, PA 15370

_____
Linda L. Gustin