UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                :    CIVIL NO. 1:00-CV-1534
                                 :
        Plaintiff                :    (Judge Rambo)
                                 :
    v.                           :    (Magistrate Judge Smyser)
                                 :
WEXFORD HEALTH SERVICES, INC.,   :
                                 :
        Defendant                :

**ORDER**

FILED
HARRISBURG, PA

FEB 1 2 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

    The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on August 28, 2000. The plaintiff alleges that he has worn eyeglasses since he was twenty-one months old, that in April of 2000 he broke his eyeglasses, and that he is suffering headaches, blurred vision and eye pain from not having his glasses. The plaintiff claims that the defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his rights under the Pennsylvania Constitution by refusing to repair his eyeglasses.

    By an Order dated September 8, 2000, the plaintiff's application to proceed *in forma pauperis* was granted and the

Clerk of Court was directed to serve the plaintiff's complaint in accordance with Fed.R.Civ.P. 4.

On November 13, 2000, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and a motion to dismiss the complaint. On November 28, 2000, the defendant filed briefs in support of those motions.

The plaintiff requested and received an extension of time until January 25, 2001 to file a brief in opposition to the motion to revoke his *in forma pauperis* status and a brief in opposition to the motion to dismiss.

The plaintiff has not filed a brief in opposition to either the motion to revoke his *in forma pauperis* status or a brief in opposition to the motion to dismiss. Rather, on January 29, 2001 the plaintiff filed a second motion for an extension of time to file briefs in opposition to the defendant's motions. The plaintiff requested an extension of time until March 25, 2001 to file his briefs. By an Order

2

AO 72A

dated February 2, 2001, the plaintiff's second motion for an extension of time was denied.

This Order addresses the defendant's motion to revoke the plaintiff's *in forma pauperis* status.

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, see Doc. 2 at ¶3, he may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. In his application to proceed *in*

3

*forma pauperis*, the plaintiff alleged that he was under imminent danger of serious injury: "Because of the strain and wear and tear on and the deterating (sic) condition of my eye vision/eyes, which is shown by the blurred vision, headaches & eye pain I am experiencing now and have experienced for the past 3 months here and what could amount to irreversible damage on my eyes/vision as a direct result of defendant's illegal refusal to have my eye glasses repaired and I could go blind from such." *Id.* at ¶3b.

In *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held:

> that a complaint alleging imminent danger – even if brought after the prior dismissal of three frivolous complaints - must be credited as having satisfied the threshold criterion of § 1915(g) unless the "imminent danger" element is challenged.  If the defendant, after service, challenges the allegations of imminent danger . . . the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . in order for the plaintiff to proceed on the merits i.f.p. . . .
>
> In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or

4

> depositions, or, alternatively, may hold a hearing.

*Id.* at 86-87 (footnote omitted). The court, however, need not credit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998). The court must assess whether the prisoner was under imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, No. 98-7307, 2001 WL 76277 at *3 (3d Cir. Jan. 29, 2001). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at * 5.

In the instant case, the defendant has challenged the plaintiff's claim of imminent danger.

We find the plaintiff's claim that he is in imminent danger of serious physical injury because the defendant has refused to replace his eyeglasses to be wholly incredible. Accordingly, pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court in this case.

5

We will revoke the plaintiff's *in forma pauperis* status and order that he pay the filing fee to proceed with this case. If the plaintiff pays the filing fee, we will then address the motion to dismiss pending in this case. If the plaintiff does not pay the filing fee, then we will recommend that the case be dismissed.

AND NOW, this 12 day of February, 2001, **IT IS HEREBY ORDERED** that the defendant's motion (doc. 11) to revoke the plaintiff's *in forma pauperis* status is **GRANTED**. The Order of September 8, 2000, granting the plaintiff's request to proceed *in forma pauperis* is **VACATED**. **IT IS FURTHER ORDERED** that on or before February 27, 2001, the plaintiff shall pay the entire $150.00 filing fee. If the plaintiff fails to pay the filing fee, it will be recommended that this action be dismissed.

J. Andrew Smyser
Magistrate Judge

DATED: February 12, 2000.

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 12, 2001

Re: 1:00-cv-01534    Jae v. Wexford Health Serv

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae
SCI-P
SCI at Pittsburgh
BQ-3219
P.O. Box 99901
Pittsburgh, PA  15233

James D. Young, Esq.
Lavery & Associates, P.C.
301 Market Street
P.O. Box 1245
Suite 800
Harrisburg, PA  17108-1245

cc:
Judge                          ( )          ( ) Pro Se Law Clerk
Magistrate Judge               (✓)          ( ) INS
U.S. Marshal                   ( )          ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )    PA Atty Gen ( )
                                        DA of County  ( )    Respondents ( )
Bankruptcy Court               ( )
Other  SCR Fm                  (✓)

MARY E. D'ANDREA, Clerk

DATE: 2/12/01                          BY: /STH/
                                           Deputy Clerk