*cc: Young, Joe, CA & Judge*
*Hsp copy*

27
5/30/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                :    CIVIL NO. 1:00-CV-1534
                                 :
           Plaintiff              :    (Judge Rambo)
                                 :
      v.                         :    (Magistrate Judge Smyser)
                                 :
WEXFORD HEALTH SERVICES, INC.,   :
                                 :
           Defendant              :

FILED
HARRISBURG, PA

MAY 29 2001

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on August 28, 2000. The plaintiff alleges that he has worn eyeglasses since he was twenty-one months old, that in April of 2000 he broke his eyeglasses, and that he is suffering headaches, blurred vision and eye pain from not having his glasses. The plaintiff claims that the defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his rights under the Pennsylvania Constitution by refusing to repair his eyeglasses.

By an Order dated September 8, 2000, the plaintiff's application to proceed *in forma pauperis* was granted and the Clerk of Court was directed to serve the plaintiff's complaint in accordance with Fed.R.Civ.P. 4.

On November 13, 2000, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and a motion to dismiss the complaint. On November 28, 2000, the defendant filed briefs in support of those motions.

The plaintiff requested and received an extension of time until January 25, 2001 to file a brief in opposition to the motion to revoke his *in forma pauperis* status and a brief in opposition to the motion to dismiss.

On January 29, 2001 the plaintiff filed a second motion for an extension of time to file briefs in opposition to the defendant's motions. The plaintiff requested an extension of time until March 25, 2001 to file his briefs. By an Order

2

dated February 2, 2001, the plaintiff's second motion for an extension of time was denied.

By an Order dated February 12, 2001, we granted the defendant's motion to revoke the plaintiff's *in forma pauperis* status, vacated the September 8, 2000 order granting the plaintiff's request to proceed *in forma pauperis* and ordered the plaintiff to pay the entire $150.00 filing fee on or before February 27, 2001.

The plaintiff appealed the Order of February 2, 2001, to the district court judge. By an Order dated February 26, 2001, Judge Rambo reversed our Order of February 2, 2001 and granted the plaintiff leave until March 25, 2001, to file his briefs in opposition to the defendant's motions. Judge Rambo also vacated our Order of February 12, 2001 pending the filing by the plaintiff of an opposition brief and further consideration by the undersigned.

3

On March 30, 2001, the plaintiff filed a brief in opposition to the defendant's motion to dismiss the complaint. The plaintiff has not filed a brief in opposition to the defendant's motion to vacate his *in forma pauperis* status.

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, *see Doc. 2 at ¶3*, he may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. In his application to proceed *in forma pauperis*, the plaintiff alleged that he was under

4

AO 72A

imminent danger of serious injury: "Because of the strain and wear and tear on and the deterating (sic) condition of my eye vision/eyes, which is shown by the blurred vision, headaches & eye pain I am experiencing now and have experienced for the past 3 months here and what could amount to irreversible damage on my eyes/vision as a direct result of defendant's illegal refusal to have my eye glasses repaired and I could go blind from such." *Id.* at ¶3b.

In *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held:

> that a complaint alleging imminent danger – even if brought after the prior dismissal of three frivolous complaints - must be credited as having satisfied the threshold criterion of § 1915(g) unless the "imminent danger" element is challenged. If the defendant, after service, challenges the allegations of imminent danger . . . the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . in order for the plaintiff to proceed on the merits i.f.p. . . .
> 
> In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing.

5

*Id.* at 86-87 (footnote omitted). The court, however, need not credit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998). The court must assess whether the prisoner was under imminent danger at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315.

In the instant case, the defendant has challenged the plaintiff's claim of imminent danger.

The plaintiff's claim that he is in imminent danger of serious physical injury because the defendant has refused to replace his eyeglasses is a frivolous and implausible claim and inference. Accordingly, pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court in this case.

By an Order dated April 19, 2001, we revoked the plaintiff's *in forma pauperis* status and ordered that he pay the filing fee to proceed with this case. We noted that if the plaintiff pays the filing fee, we will then address the motion to dismiss pending in this case, but that if the plaintiff does not pay the filing fee, then we will recommend that the case be dismissed.

The plaintiff has not paid the filing fee as ordered. Therefore, it is recommended that this case be dismissed.

J. Andrew Smyser
Magistrate Judge

DATED: May 29, 2001.

7

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                :     CIVIL NO. 1:00-CV-1534
                                 :
        Plaintiff                :     (Judge Rambo)
                                 :
        v.                       :     (Magistrate Judge Smyser)
                                 :
WEXFORD HEALTH SERVICES, INC.,   :
                                 :
        Defendant                :

FILED
HARRISBURG, PA

MAY 2 9 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

**<u>NOTICE</u>**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: May 29, 2001.

AO 72A
(Rev 8/82)